SEND
JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-4432 PA (JCGx) | Date | June 18, 2010 |
|---|---|---|---|
| Title | See Virtual Worlds, LLC v. Seaboard Int'l Energy Corp. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

   Before the Court is a Notice of Removal filed by defendant Seaboard International Energy Corporation ("Removing Defendant") on June 16, 2010. Removing Defendant asserts that this Court has jurisdiction over the action brought against them by plaintiff See Virtual Worlds, LLC ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

   In attempting to invoke this Court's diversity jurisdiction, Removing Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. The citizenship of an LLC is the citizenship of its members. See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."); Marseilles Hydro Power, LLC v. Marseilles Land & Water Co., 299 F.3d 643, 652 (7th Cir. 2002) ("the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); Handelsman v. Bedford Village Assocs., Ltd. P'ship, 213 F.3d 48, 51-52 (2d Cir. 2000) ("a limited liability company has the citizenship of its membership"); Cosgrove v. Bartolotta, 150 F.3d 729, 731 (7th Cir. 1998); TPS Utilicom Servs., Inc. v. AT & T Corp., 223 F. Supp. 2d 1089, 1101 (C.D. Cal. 2002) ("A limited liability company . . . is treated like a partnership for the purpose of establishing citizenship under diversity jurisdiction"). To

SEND<br>JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 10-4432 PA (JCGx) | Date | June 18, 2010 |
|---|---|---|---|
| Title | See Virtual Worlds, LLC v. Seaboard Int'l Energy Corp. | | |

establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

The Notice of Removal alleges that "[the case stated by the initial pleading was not removable . . . because the citizenship of [Plaintiff] was not alleged.  Defendant first received on June 11, 2010, the rough deposition transcript of [Plaintiff], taken that day, which was the first document or paper from which it could be ascertained that the case is removable."  (Notice of Removal, ¶ 2.)  The Notice of Removal further alleges that Removing Defendant "is informed and believes, and on that basis alleges, that Plaintiff is a citizen of California and Panama, and was a citizen of California and Panama on the day the Complaint was filed. [Removing Defendant] is informed and believes, and on that basis alleges, that Plaintiff is, and was on the date the Complaint was filed, an unincorporated association. [Removing Defendant is informed and believes, and on that basis alleges, that a complete list of Plaintiff's members is, and was on the date the Complaint was filed, Moody Icons, Inc.; Beau Entertainment, Inc.; and Global Entertainment Properties, Inc."  (Notice of Removal, ¶ 4.)  Removing Defendant asserts, again on "information and belief," the Moody Icons, Inc. and Beau Entertainment Properties, Inc. are citizens of California, and that Global Entertainment Properties, Inc. is a citizen of Panama.  (Notice of Removal, ¶¶ 5-7.)

Because Removing Defendant has alleged Plaintiff's citizenship on "information and belief," the Notice of Removal's allegations are insufficient to establish Plaintiff's citizenship.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient.").  As a result, Removing Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Therefore, Removing Defendant has failed to meet their burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC431665.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.